IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02439–WJM–KMT

AUGUSTINE J. CORONA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. No. 27 [Mot.], filed June 14, 2011). Defendant filed his response on June 28, 2011 (Doc. No. 29 [Resp.]), and Plaintiff filed his reply on June 30, 2011 (Doc. No. 30 [Reply]). The motion is ripe for ruling.

The Equal Access to Justice Act (EAJA) fee shifting statute allows a prevailing claimant to seek to defray the cost of appealing from an agency decision to a court. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) (citing 28 U.S.C. 2412). "The EAJA statute provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an

award unjust." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (omissions in original) (emphasis omitted)).

Where a Social Security disability claimant obtains a district court remand to the Commissioner under 42 U.S.C. § 405(g), he is a prevailing party for EAJA purposes. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

In his oral ruling remanding this case for further fact finding, District Judge Martínez found that, because the Administrative Law Judge (ALJ) did not cite specific medical facts in support of her finding that Plaintiff could do light work, and because the ALJ relied entirely on the opinion of a non-physician Single Decision Maker (SDM) in assessing Plaintiff's capacity to perform light work, the ALJ's assessment was not supported by substantial evidence. (*See* Doc. No. 28, 10:20–25.)

The opinion of a treating physician is generally "entitled to great weight because it reflects expert judgment based on continuing observation of a patient's condition over a prolonged period of time." *Williams v. Chater*, 923 F. Supp. 1373, 1379 (D. Kan. 1996). An ALJ, however, may disregard that opinion if it is contradicted by other medical evidence, or is otherwise inconsistent with substantial evidence in the record. *See Marshall v. Astrue*, 315 F. App'x 757, 759–60 (10th Cir. 2009); 20 C.F.R. § 404.1527(d)(2). The analysis of how much weight to accord a treating source opinion is sequential:

> An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

The weight of persuasive authority is that the opinion of an SDM is not a medical opinion and is worthy of no weight in an ALJ's analysis. *See, e.g.*, *Lopez v. Astrue*, — F. Supp. 2d —, No. 09–cv–2564–WYD, 2011 WL 1134978, at *8 (Mar. 28, 2011) ("[T]he SDM is not a medical professional, [and] his or her opinion is entitled to no weight.); *Ky v. Astrue*, No. 08–cv–00362–REB, 2009 WL 68760, at *3 (D .Colo. Jan. 8, 2009) ("An SDM is not a medical professional of any stripe, and the opinion of an SDM therefore is entitled to no weight ."); *Stanley v. Astrue*, No. 09–20485–CIV, 2009 WL 3060394 (S.D. Fla. Sept. 24, 2009) (remanding with directions not to rely upon determination by SDM); *Smith v. Astrue*, No. 3:07–cv–1165–J–TEM, 2009 WL 890391, at *11 (M.D.Fla. March 31, 2009) (ALJ improperly

classified SDM as physician); *Burnham v. Astrue*, No. 06–124–P–H, 2007 WL 951386 at *2 (D. Me. Mar. 27, 2007) (ALJ wrongly accorded weight to opinion of SDM).

"Further, as a SDM's opinion does not represent the first hand, direct observations of a lay witness, it does not even constitute evidence from 'other non-medical sources' per 20 C.F.R. § 404.1513(d)(4). Thus, the SDM opinion relied on by the ALJ for the RFC [Residual Functional Capacity] is not evidence that can support the RFC finding." *Lopez*, 2011 WL 1134978, at *8 (citations omitted). "[A]ccording to SSR 96–8p, the ALJ's RFC assessment must cite 'specific medical facts' as well as nonmedical evidence." *Id.* (citing SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996)).

The Commissioner argues that the ALJ's decision to discount Plaintiff's treating physician's opinions was reasonable in light of the lack of contemporaneous objective medical findings and that reasonable people could differ as to whether the ALJ had a duty to recontact Plaintiff's treating physician. However, the Tenth Circuit instructs that an ALJ is obligated to base her RFC findings on record evidence. *See Fleetwood v. Barnhart*, 211 F. App'x 736, 740-41 (10th Cir. 2007). If the file contains insufficient evidence to make an RFC finding, the ALJ is required to further develop the record. *See id.* Here, Judge Martínez noted that the ALJ expressed some confusion as to Plaintiff's treating physician's opinions and remanded the case for further fact-finding, ordering the ALJ to further develop the record with respect to the basis for Plaintiff's treating physician's opinions and to contact Plaintiff's treating physician for further clarification and findings. (*See* Doc. No. 28, 8:18–22; 11:23–12:4.)

The Commissioner next contends that it reasonably argued that the ALJ did not err when considering the SDM's opinion. The Commissioner argues that, though the ALJ stated she gave "significant weight" to the SDM's opinion, she also acknowledged that the SDM's assessment of the Plaintiff was not entitled to any weight as a medical opinion, and that the ALJ's decision was "simply inartfully drafted." The Commissioner contends that the "ALJ expressed that she gave no weight to the assessment *based on* the expertise of the source, but she did give weight to the assessment *based on* the fact that it was independently supported by and consistent with the record evidence." (Emphasis in original.)

However, the ALJ is required to state the evidentiary basis for her RFC finding, including a "narrative discussion describing how the evidence supports each conclusion." (SSR 96–8p.) An ALJ's decision should be evaluated based solely upon the reasons stated in the decision. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's *post hoc* rationalizations for agency action. *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985). Nor may a reviewing court create *post-hoc* rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005). Although a reviewing court "may not supply a reasoned basis for the agency's action that the agency itself has not given," it may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Here, it is obvious from his oral ruling that Judge

Martínez was not able to uphold the ALJ's decision based on the rationalizations the Commissioner now wishes to assert.

Based on the record and Judge Martínez's oral ruling, the court finds that the Commissioner has not met his burden of showing that his litigation position was substantially justified to a degree that could satisfy a reasonable person.  Therefore, an award of attorney fees is justified under the EAJA.

Having determined that Plaintiff is entitled to fees under the EAJA, the court next considers the reasonableness of the fee request.  The Commissioner does not dispute the reasonableness of the fees submitted by Plaintiff.  The court has reviewed the billing records and finds that counsel reasonably spent 36 hours on this matter.  Plaintiff's proposed fees are reasonably based on the statutory rate of $125.00 per hour, plus a cost of living adjustment calculated pursuant to the Consumer Price Index.  (See Mot., Attach. 1.)  However, the EAJA statute defines "fees and expenses," and the definition does not include fees for service of process.  28 U.S.C. § 2412(d)(2)(A).  Thus, the court will grant Plaintiff's motion for attorney fees in the amount specified in his Motion and Reply, but will not grant Plaintiff's motion for an award of service of process fees.

Finally, the Commissioner argues that any award should be paid directly to the plaintiff and not his attorney.  Plaintiff does not respond to this argument.  The Tenth Circuit has held that EAJA attorney fee awards must be paid to the Plaintiff, and not to his attorney.  *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007).  Furthermore, the Circuit has rejected the

propriety of direct payment to attorneys via an assignment.  *Hall v. Astrue*, No. 07-7059, 2008 WL 905218 (10th Cir. Apr. 4, 2008).

Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. No. 27) be GRANTED in part.  The Commissioner is ordered to pay the approved $6030.00 in attorney fees to Plaintiff, and not his counsel, in accordance with the requirements of EAJA.  The motion for service of process fees is DENIED.

Dated this 4th day of October, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge